UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Case No. 20-cr-0016 (NEB/HB)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) **ORDER ON MOTION FOR RECONSIDERATION OF DETENTION** |
| v. | ) |
| KHALIL DEMAR DODD, | ) |
| Defendant. | ) |

This matter is before the Court on Defendant Khalil Demar Dodd's Motion for Reconsideration of Detention [Doc. No. 31]. The Court finds that the matter is suitable for determination without a hearing and is submitted on the papers. For the reasons set forth below, the motion is denied.

**I. BACKGROUND**

Defendant is charged with one count of Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2). (Indictment [Doc. No. 1].) On February 11, 2020, this Court held a hearing on the Government's Motion for Detention pursuant to 18 U.S.C. § 3142(f)(2). Before the hearing, a Pretrial Services officer interviewed Defendant and issued a report recommending detention, finding that Defendant presented a risk of non-appearance and a danger to the community. This Court entered a detention order on February 14, 2020, finding that no condition or combination of conditions would reasonably assure the safety of the community. (Order of Detention at 1 [Doc. No. 16].) The Court specifically found:

- Defendant has a lengthy criminal history that includes four prior felony convictions, three of which involved acts of violence (third degree assault, fifth degree assault, and robbery). The convictions are also recent, from 2017 to 2019, and two of the convictions involved the presence of firearms.
- Defendant has multiple probation violations and has committed at least one offense while under court supervision.

(*Id.* at 1–2.) The Court concluded, pursuant to 18 U.S.C. § 3142(e), that detention was appropriate because the Government demonstrated by clear and convincing evidence that Defendant is a danger to the community and because no condition or combination of conditions would reasonably assure the safety of the community. (*Id.* at 2.)

Defendant filed a motion to reconsider detention on March 23, 2020. [Doc. No. 31.] He bases his motion on 18 U.S.C. § 3142(f)(2)(B), which allows a Court to reopen a detention hearing and reconsider the original detention decision when new information that has a material bearing on the detention decision comes to light, and on 18 U.S.C. § 3142(i), which allows a court to temporarily release a person if "necessary for preparation of the person's defense or for another compelling reason." (*See* Def.'s Mot. Reconsideration at 2.) Defendant asks to be released on house arrest with GPS monitoring to his mother's home because "the COVID-19 pandemic is a change in circumstances which has a material bearing on the issue of detention." (*Id.* at 1.)

Defendant is detained at the Sherburne County Jail ("Jail"), which houses more than 500 federal detainees. (*Id.* at 4.) He submits that the conditions of pretrial confinement at the Jail create an ideal environment for the transmission of COVID-19

and pose a public health risk. (*Id.* at 4, 8.) Defendant acknowledges that the Jail has taken preventive measures such as suspending all in-person visits, but contends such measures have limited his ability to consult with his attorney and prepare his case. (*Id.* at 6.)

After Defendant filed his motion for reconsideration, the Court requested and received an updated report and recommendation from a Pretrial Services officer. The recommendation, filed under seal but made available to counsel, reiterated the officer's prior recommendation against placement in a halfway house or on location monitoring in the community due to the lack of a condition or combination of conditions that would ensure the safety of the community, Defendant's demonstrated history of noncompliance and lack of successful adjustment to supervision at the state level, and the risk of danger to the community based on Defendant's pattern of violent conduct. The Court has also considered the Government's memorandum in opposition to Defendant's motion for reconsideration [Doc. No. 35][1] and Defendant's reply memorandum [Doc. No. 36].

## II. DISCUSSION

### A. Request to Reopen Detention Hearing under § 3142(f)

In determining whether there are conditions of release that will reasonably assure the appearance of a defendant and the safety of the community, the Bail Reform Act

---

[1] The Government's response also included an affidavit of Brian Frank stating that as of March 27, 2020, there were no known cases of COVID-19 at the Jail. (*See* Frank Aff. ¶ 3 [Doc. No. 35-1].) Frank also represents that the Jail has the "structural, operational, and medical ability to protect its inmates," including a compartmentalized ventilation system, a 14-day quarantine unit for new arrivals, and a newly heightened cleaning regimen. (*Id.* ¶¶ 2–3, 6–9, 11.)

requires the Court to consider the following factors: "(1) the nature and circumstances of the offense charged"; "(2) the weight of the evidence against the person"; "(3) the history and characteristics of the person"; and "(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g). Section 3142(f) permits a court to reopen a pretrial detention hearing

> if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

The Court finds here that the COVID-19 pandemic, in the context of the individualized assessment this Court must make under the Bail Reform Act, does not in and of itself raise a change in circumstances that has a "material bearing" on whether there are conditions of release *for this Defendant* that will reasonably assure the safety of the community. This Court echoes the comments of the Honorable Donovan W. Frank, United States District Judge, about "the gravity of the COVID-19 pandemic," and, like Judge Frank, "is mindful of the unprecedented circumstances it presents both for society at large and for the prison system." *United States v. Morris*, No. 17-cr-107 (DWF/TNL), 2020 WL 1471683, at *3 (D. Minn. Mar. 26, 2020). But without more, this Court is "not convinced the COVID-19 pandemic is a 'material change of circumstances' warranting a renewed evaluation of [a] prior detention order." *United States v. Banks,* No. 4:19-cr-3116, 2020 WL 1450549 (D. Neb. Mar. 25, 2020); *see also, e.g., United States v. Aiad-Toss*, No. 4:19-cr-521, 2020 WL 1514482, at *2 (N.D. Ohio Mar. 30, 2020); *United States v. Woods*, No. 19-cr-20112-02, 2020 WL 1493488, at *4 (E.D. Mich. Mar. 28,

2020); *United States v. Munguia*, No. 3:19-cr-191-B, 2020 WL 1471741, at *4 (N.D. Tex. Mar. 26, 2020). *But see United States v. Martin*, No. PWG-19-140-13, 2020 WL 1274857, at *20 (D. Md. Mar. 17, 2020) (stating the COVID-19 health risk "can indeed constitute new information having a material bearing on whether there are conditions of release that will reasonably assure the appearance of detained defendants and secure the safety of the community" but finding that "detention must in the first instance be an individualized assessment of the factors identified by the Bail Reform Act").

In the context of the § 3142(g) factors, the only factor to which Defendant's motion could potentially relate is the third factor, the history and characteristics of the person, which allows the Court to consider, *inter alia*, an individual's "family ties" and "physical and mental condition." *See* § 3142(g)(3)(A). As to the latter, Defendant has not offered evidence of a personal health condition that would make him particularly susceptible to COVID-19 or to serious complications associated with the virus. As to the former, although he identifies family members with whom he would like to reside on release and insists his COVID-19 concerns would motivate him to remain law-abiding so as to avoid being returned to detention in the future, those arguments could be made by most if not all detainees, and Defendant's record, including his record on probation, belies his argument that these considerations would now suffice to ameliorate the risk to the community. Moreover, Pretrial Services has updated its report and reaffirmed its conclusion that there are not conditions of release in the community that would be suitable for Defendant and adequate to ensure the safety of the community. In short, Defendant has not shown how the dynamics of the current COVID-19 situation relate to

him particularly in a way that could not be said of all detainees "or, for that matter, at the halfway house or anywhere else in this community or any other." *Munguia*, 2020 WL 1471741, at *4 (quoting *United States v. Fitzgerald,* No. 2:17-cr-00295-JCM-NJK, 2020 WL 1433932, at *2 (D. Nev. Mar. 24, 2020)).

Accordingly, the Court finds that Defendant has not identified new, particularized information that would shift the balance of the § 3142(g) factors on which Pretrial Services based its original (and renewed) recommendation and this Court based its Order of Detention. The Court therefore concludes that reconsideration of detention is not warranted under § 3142(f).

### B. Request for Temporary Release under § 3142(i)

In the alternative, Defendant argues that his temporary release is called for under § 3142(i) because it is necessary for the preparation of his defense in view of the difficulty of consulting privately with his counsel in the current environment. (Def.'s Mot. Reconsideration at 6.)

Section 3142(i) permits a judicial officer to "permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." Courts have used this provision "sparingly to permit a defendant's release where, for example, he is suffering from a terminal illness or serious injuries." *United States v. Hamilton*, No. 19-cr-54-01 (NGG), 2020 WL 1323036, at *2 (E.D.N.Y. Mar. 20, 2020) (citations omitted). In making an individualized determination about whether "COVID-19 concerns present such a

compelling reason in a particular case that temporary release is necessary under § 3142(i)," a court should consider these nonexclusive factors:

> (1) the original grounds for the defendant's pretrial detention, (2) the specificity of the defendant's stated COVID-19 concerns, (3) the extent to which the proposed release plan is tailored to mitigate or exacerbate other COVID-19 risks to the defendant, and (4) the likelihood that the defendant's proposed release would increase COVID-19 risks to others.

*United States v. Clark*, No. 19-40068-01-HLT, 2020 WL 1446895, at *3 (D. Kan. Mar. 25, 2020).

Consistent with the above discussion and the Pretrial Services reports, the Court first finds the original grounds for detention were strong. Second, Defendant does not suggest that his situation with regard to consultation with counsel is an urgent one or distinguishable from that facing other pretrial detainees at this time. Third, Defendant's proposed release plan "could potentially mitigate the risk of infection, but the opposite might also be true." *United States v. White*, No. 19-cr-204 (ECT/BRT), slip op. at 9 (D. Minn. Apr. 1, 2020). Fourth, given that Pretrial Services could not identify conditions that would reasonably assure the safety of the community if Defendant were released, and considering the uncertain availability of testing and occasional asymptomatic presentation of COVID-19, it is simply not known whether Defendant's release would increase the risk of COVID-19 infection to others, including family members that he acknowledges are facing their own health issues.

As mentioned, the above four factors are not exclusive, and the Court considers also the measures undertaken by the Jail and the Court to protect Defendant's ability to prepare his defense and consult privately with his lawyer. Although the Jail has provided

7

for video consultation between detainees and their lawyers and videoconferencing in connection with court appearances (*see* Frank Aff. ¶¶ 17–18 [Doc. No. 35-1]), this Court is well aware that facilities for private consultation between detainees and their lawyers are limited.  However, the Court understands that efforts are actively underway to expand the availability of means for such private consultation at the Jail.  In addition, the District Court has excluded the time period between March 17, 2020, and April 16, 2020, from the Speedy Trial Act in part to assuage the restrictions imposed by the Jail that have significantly impacted the ability of detainees such as Defendant to consult meaningfully with their attorneys.  (Order at 1–2, Mar. 31, 2020 [Doc. No. 37].)  At this time, Defendant has not shown these measures, as applied in the circumstances of his case, to be insufficient to an extent that renders release *necessary* to the preparation of his defense or that otherwise presents a "compelling reason" for release under § 3142(i).

Finally, the Court rejects as speculative and implausible Defendant's argument that his detention actually creates a risk to the community because of the shortage of ICU beds and ventilators.  (*See* Def.'s Reply at 3–4.)

Accordingly, **IT IS HEREBY ORDERED** that Defendant Khalil Demar Dodd's Motion for Reconsideration of Detention [Doc. No. 31] is **DENIED**.

Dated: April 1, 2020                    <u>s/ *Hildy Bowbeer*</u>
                                                  HILDY BOWBEER
                                                  United States Magistrate Judge